GOLDMAN v. PETER FOX SONS CO. et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8917. Decided May 14, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**TRIAL**

(590 E3a1) A certificate by an employe of the U. S. Bureau of Agricultural Economics, not being a public record, is not competent evidence of a grade of potatoes purchased.

Error to Municipal Court.
Judgment affirmed.

Jerome B. Goldman, and E. P. Eirich, Cleveland, for Goldman.

Sol Edgert, Cleveland, for Peter Fox Sons Co., et.

STATEMENT OF FACTS.

The action was brought to recover Nine Hundred and Sixty-Three Dollars for loss sustained by reason of plaintiff in error's refusing to receive three carloads of potatoes that had been purchased by plaintiff in error from the defendants. On the trial of the action a judgment was rendered for the plaintiffs for the full amount of their claim. It seems there was no question but that the plaintiff in error purchased this lot of potatoes from the defendant in error and that defendant in error had refused to receive the same. Defendant in error set up a counterclaim for damages amounting to $2231.31, but the court found against his counterclaim and found for the plaintiffs as already stated in the full amount of their claim.

It seems that the plaintiff in error who was defendant below, after the plaintiffs had rested their case sought to introduce evidence that the potatoes did not conform to the grade speci-fied in the contract and for that purpose sought to introduce certain certificates made by one Green who is employed in the United States Bureau of Agricultural Economics. These were certificates made ex parte at the instance of Goldman, and Green was not called upon to testify.

VICKERY, J.

Of course if these potatoes did not conform to the grade under the contract and the defendant could prove that, the burden of proof being upon him, he might have a good defense, but that must be proven by competent testimony. These certificates are not public records. There was no requirement that Mr. Green in all cases was compelled to examine vegetables or fruit that was shipped in from other states and to give a certificate thereof, or to record the same and to make it a public record. True, he was authorized by the United States statute to make a certificate to the person asking the same if he was requested to do so. It seems in this case that the certificates were requested and furnished. Now they seek to have these introduced as public records under the United States statute. The United States statute Section 414 of United States code, annotated, Title 7, Agriculture, Chapter 17, provides that certificates issued by authorized agents of the agricultural department shall be prima facie evidence in all courts of the United States. First, we do not think that these certificates come within the meaning of public records, and second, they were not sought to be introduced in a United States court. You cannot extend a statute by implication, and we have United States courts and we have State courts, and if they are sought to be introduced in evidence, the statute must have mentioned the State courts as well as the United States courts. Consequently the statute does not authorize the introduction of these certificates, even if it covered certificates. This testimony was the purest kind of hearsay and they were made at the instance of defendant below, without the right to cross examine and test the truthfulness and it would be unjust and not in accordance with the rules of evidence that they should be introduced. The court properly ruled these certificates out and did not see fit to grant a new trial.

Now, of course, they might have procured the deposition of Green as well as other testimony, but it seems that these certificates were to prove that these potatoes did not conform to the grade specified in the contract, the only testimony that the plaintiff undertook to introduce, and we think the court properly ruled the certificates out. That being so, we see nothing to do but to affirm this judgment.

(Sullivan, P.J. and Levine, J., concur.)